PROB 12C
(Revised 05/2011)

# United States District Court
## for
## Middle District of Tennessee

### Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry 1241]

Name of Offender: <u>Ronnie Dustin E. McCulloch</u>     Case Number: <u>3:13-00097-06</u>

Name of Current Judicial Officer: <u>Honorable Waverly D. Crenshaw, Jr., Chief U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable Kevin H. Sharp, Chief U.S. District Judge</u>

Date of Original Sentence: <u>December 12, 2014</u>

Original Offense: <u>21 U.S.C. § § 841(b)(1)(C) and 846 Conspiracy to Possess with Intent to Distribute and Distribution of Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances, and Buprenorphine, a Schedule III Controlled Substance</u>

Original Sentence: <u>27 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>September 16, 2015</u>

Assistant U.S. Attorney: <u>Brent Hannafan</u>     Defense Attorney: <u>Ronald Clayton Small</u>

---

### PETITIONING THE COURT

__X__  To Consider Additional Violations/Information.
_____  To issue a Summons.
_____  To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action.
☒ The Consideration of Additional Violations/Information.
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this _20th_ day of _April_, 2017, and made a part of the records in the above case.

/s/ Amanda Michele
Amanda Michele
U.S. Probation Officer

/s/ Waverly D. Crenshaw, Jr.
Waverly D. Crenshaw, Jr.
Chief U.S. District Judge

Place     Cookeville, TN

Date     April 18, 201

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry **1241**, has been amended as follows:

> **Violation No. 1** - **has been amended to include additional positive drug test results.**
>
> **Violation No. 2** - **has been added to include his failure to report for drug testing and participate in outpatient substance abuse treatment.**
>
> **Compliance with Supervision Section** - **was updated to provide new information.**
>
> **Update of Offender Characteristics Section** - **was updated to provide new information.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

**1.**   **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

Mr. McCulloch has tested positive and admitted using controlled substances not prescribed to him on the following occasions:

| Date | Substance |
|---|---|
| October 27, 2016 | buprenorphine |
| October 30, 2016 | oxymorphone |
| November 8, 2016 | buprenorphine |
| November 22, 2016 | buprenorphine |
| **February 28, 2017** | **oxymorphone** |
| **March 17, 2017** | **oxymorphone** |
| **March 27, 2017** | **oxymorphone** |
| **April 10, 2017** | **oxymorphone** |
| **April 17, 2017** | **oxymorphone** |

When questioned by the probation officer on October 27, 2016, Mr. McCulloch admitted to ingesting Subutex, without a valid prescription, on or about October 17, 2016. He reported he got the pills from a former coworker at Auto Paint Masters, in LaVergne, Tennessee.

During a home contact on October 30, 2016, the probation officer informed Mr. McCulloch of her intent to conduct an unobserved drug test. He was asked if he used any illegal substances since our last contact on October 27, 2016. Mr. McCulloch initially denied using any illegal substances, but after testing positive, he admitted to "snorting" one 10 milligram Oxycodone pill, for which he did not have a prescription, on October 28, 2016. Mr. McCulloch further admitted to "snorting" the controlled substance prior to his previous drug test on October 27, 2016.

After testing positive on November 8, 2016, Mr. McCulloch admitted to the probation officer to ingesting a small piece of a Subutex pill, for which he did not have a prescription, on or about November 6, 2016. Mr. McCulloch reported he was trying to "detox/wean" himself from his continued oxycodone use.

On November 21, 2016, Mr. McCulloch failed to report for a random drug test. He was given instruction, via voice mail, to report for a drug test the following morning.

Mr. McCulloch reported for his drug test on November 22, 2016, and tested positive, again, for buprenorphine. He reported that he ingested the illegal substance, without a valid prescription, on November 20, 2016.

**After each failed drug test since February 28, 2017, Mr. McCulloch has admitted to "snorting" Opana, which will test positive for oxymorphone. He admits that he is buying the controlled substance "on the street" and is addicted to them.**

2. <u>The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the Probation Officer. The defendant shall pay all or part of the cost for substance abuse treatment if the Probation Officer determines the defendant has the financial ability to do so or has the appropriate insurance coverage to pay for such treatment.</u>

**Mr. McCulloch has failed to report for random drug testing on six different occasions. When questioned as to why he does not appear on his random drug test day, Mr. McCulloch provides a variety of reasons for his noncompliance, to include: mechanical issues with his vehicle, lack of transportation, forgetting to call, working, etc.**

> **November 21, 2016**
> **December 22, 2016**
> **January 31, 2017**
> **March 7, 2017**
> **March 22, 2017**
> **April 14, 2017**

**Mr. McCulloch has failed to participate in outpatient substance abuse treatment on six different occasions. When questioned as to why he misses his scheduled therapy sessions, Mr. McCulloch, again, provides a variety of reasons for his noncompliance, to include: mechanical issues with his vehicle, lack of transportation, forgetting his appointment date/time, working, etc.**

> **January 16, 2017**
> **February 9, 2017**
> **March 15, 2017**
> **March 21, 2017**
> **March 27, 2017**
> **April 13, 2017**

<u>**Compliance with Supervision Conditions and Prior Interventions:**</u>
Ronnie Dustin E. McCulloch is employed and living with his grandparents, in Lebanon, Tennessee. He began his term of supervised release on September 16, 2015, and his supervision is due to terminate on September 15, 2018.

Following his release from custody in September 2015, Mr. McCulloch was referred to Cumberland Mental Health, for substance abuse treatment. He participated in outpatient treatment until his successful discharge in May 2016. Due to Mr. McCulloch's illegal drug use, the probation officer referred him back to Cumberland Mental Health for additional substance abuse treatment and increased the frequency of his random drug testing.

**A petition for summons was submitted to the Court on November 28, 2016, regarding Mr. McCulloch's illegal drug use of buprenorphine and oxymorphone. The Court ordered the issuance of a summons on December 1, 2016, and Mr. McCulloch was ordered to appear at the U.S. Marshal's Office on or before December 15, 2016. Mr. McCulloch appeared on his summons on December 13, 2016, and was released to the same conditions of supervised release, pending his revocation hearing.**

**On January 27, 2017, by agreed order, the Court continued Mr. McCulloch's revocation hearing to May 5, 2017. This continuance would allow Mr. McCulloch time to show compliance with the conditions of his supervision and, if no further violations occurred prior to the date, the parties could move to dismiss the petition.**

After he began testing positive for medications not prescribed to him in October 2016, the probation officer met with Mr. McCulloch on numerous occasions to discuss his illegal drug use. At that time, he was encouraged to seek medical treatment for his addiction to narcotic pain medications. Until Mr. McCulloch's positive drug test and admission on November 22, 2016, he was adamant that he could stop using controlled substances on his own. However, on November 23, 2016, he obtained a prescription for Suboxone in order to help treat his addiction. Mr. McCulloch took this prescribed medication until April 5, 2017, until he could no longer afford the cost of Suboxone.

<u>Update of Offender Characteristics:</u>
Mr. McCulloch participated in an assessment with Samaritan Recovery on April 17, 2017, and is scheduled to begin their inpatient substance abuse treatment program on May 2, 2017.

<u>U.S. Probation Officer Recommendation:</u>
It is respectfully recommended that these additional violations and information be considered at a revocation hearing to be held before Your Honor. Due to his inpatient admission date of May 2, 2017, the probation officer is requesting Mr. McCulloch's revocation hearing be scheduled after June 1, 2017, to allow him time to enter and successfully complete the program. This matter has been reported to Assistant U.S. Attorney Brent Hannafan, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. RONNIE DUSTIN E. MCCULLOCH, CASE NO. 3:13-00097-06

**GRADE OF VIOLATION:**     C
**CRIMINAL HISTORY:**     III

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) <br> 18 U.S.C. § 3583(e)(3) | 5-11 months <br> U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment <br> 18 U.S.C. § 3583(h) | 1-3 years <br> U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.

18 U.S.C. § 3583(g)(3) If the defendant refuses to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,            Approved:

_____         _____
Amanda Michele                                          Britton Shelton
U.S. Probation Officer                              Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant**  Ronnie Dustin E. McCulloch

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:13CR00097 - 6

3. **District/Office**  Middle District of Tennessee - Nashville

4. **Original Sentence Date**  12 / 12 / 2014
                                     month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician. | C |
   | Shall participate in a program of drug testing and substance abuse treatment at the direction of the probation officer. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*      C

9. **Criminal History Category** *(see §7B1.4(a))*     III

10. **Range of Imprisonment** *(see §7B1.4(a))*     5 - 11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Ronnie Dustin E. McCulloch

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____            Community Confinement _____

    Fine($)       _____            Home Detention         _____

    Other         _____            Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002